UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYRUS Y. KIM,

                Plaintiff,

v.

UNITED STATES OF AMERICA,

                Defendant.

C09-1369Z

ORDER

THIS MATTER comes before the Court on defendant's motion to dismiss, docket no. 18. Having reviewed all papers filed in support of and in opposition to the motion, the Court GRANTS defendant's motion and DISMISSES this case with prejudice pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

In accordance with 28 U.S.C. § 2679(d)(2), the United States was substituted for the Federal Way Postmaster as the sole defendant in this matter. *See* Minute Order (docket no. 21). "The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). For this Court to have subject matter jurisdiction over this action, a "clear statement" from the United States waiving sovereign immunity must exist, and plaintiff's claims must fall within the express terms of any such waiver. *See United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003).

ORDER - 1

1    The United States has waived sovereign immunity with respect to certain types of tort

2    claims, but the terms of this waiver require that the injured person first present his or her

3    claims to the federal agency involved, in this case, the United States Postal Service. *See* 28

4    U.S.C. § 2675(a). Plaintiff has not done so, *see* Beatty Decl. at ¶ 2 (docket no. 19), and the

5    United States is entitled to dismissal of plaintiff's claims due to plaintiff's failure to exhaust.

6    *See Van Fossen v. United States*, 430 F. Supp. 1017, 1019 (N.D. Cal. 1977) ("compliance

7    with § 2675(a) is a jurisdictional requirement"). In addition, even if plaintiff could cure his

8    failure to exhaust, the Court would not have jurisdiction to hear his case because plaintiff's

9    claims are specifically excluded from the waiver of sovereign immunity under the Federal

10   Tort Claims Act; the United States has not waived sovereign immunity with respect to claims

11   "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter," 28

12   U.S.C. § 2680(b), or claims for certain intentional torts, including assault, battery, and

13   misrepresentation,[1] 28 U.S.C. § 2680(h).

14   Plaintiff argues that he is not suing under the Federal Tort Claims Act, but plaintiff

15   fails to establish that, with respect to the claims he wishes to pursue, the United States has,

16   in some other statute or by some other method, waived sovereign immunity. Thus, plaintiff

17   has not demonstrated that this Court or any other court has or could have subject matter

18   jurisdiction, and his claims are DISMISSED with prejudice.

19   IT IS SO ORDERED.

20   The Clerk is directed to send a copy of this Order to all counsel of record and to

21   plaintiff pro se.

---

[1] Plaintiff alleges that, when he went to the post office to complain about undelivered mail, postal workers shut the window and/or door through which he was trying to communicate, police were summoned via a 911 call, and he was forcibly ejected, causing him emotional distress. *See* Complaint, Exh. to Stahman Decl. (docket no. 5). Plaintiff also accuses a particular postal worker of providing a "false answer" concerning the undelivered mail. *Id.* at § IV.B. Plaintiff identifies no particular legal theory under which he seeks relief, but the United States has appropriately inferred that he is alleging assault and/or battery and misrepresentation. *See* Motion at 7-8 (docket no. 18).

ORDER - 2

DATED this 21st day of December, 2009.

                                          /s/ Thomas S. Zilly
                                        Thomas S. Zilly
                                        United States District Judge

ORDER - 3